**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WASHINGTON SPEAKERS BUREAU,
INCORPORATED,
<u>Plaintiff-Appellee,</u>

No. 99-1440

v.

LEADING AUTHORITIES, INCORPORATED,
<u>Defendant-Appellant.</u>

WASHINGTON SPEAKERS BUREAU,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

No. 99-1442

v.

LEADING AUTHORITIES, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-98-634-A)

Argued: April 5, 2000

Decided: June 27, 2000

Before NIEMEYER, Circuit Judge, HAMILTON,
Senior Circuit Judge, and Roger J. MINER, Senior Circuit Judge
of the United States Court of Appeals for the Second Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Edward Minor Prince, ALSTON & BIRD, L.L.P., Washington, D.C., for Appellant. William Herbert Bode, BODE & BECKMAN, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Stephen A. Horvath, Michael J. Carita, TRICHILO, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellant. James M. Ludwig, Paul M. Higgins, BODE & BECKMAN, L.L.P., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Washington Speakers Bureau, Inc., a lecture-booking agency in Alexandria, Virginia, filed this action against Leading Authorities, Inc., a competitor, for trademark infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), based on Leading Authorities' registration of four Internet domain names containing the words "washingtonspeakers."

In 1996, Leading Authorities created an Internet website with the domain name of leadingauthorities.com, and in 1998, it registered over 90 other Internet domain names related in some degree to the services it offers. Some of the names it registered involved convention locations, such as floridaspeakers.com and californiameetings.com, while others were more general, such as usaspeakers.com and politicalspeakers.net. It also registered domain names similar to the names of over 10 existing speakers' bureaus and lecture agencies. For example, it registered keynote-speakers.com (similar to Keynote Speakers, Inc.), capital-speakers.com (similar to Capital Speakers, Inc.), meetingprofessionals.com (similar to Meeting Professionals International), and, with permission from Blanchard Training and Development, Inc., two "Blanchard" domain names. Leading Authorities also registered the domain names pertinent to this case, washing-

2

tonspeakers.com, washington-speakers.com, washingtonspeakers.net, and washington-speakers.net.

Following a bench trial, the district court concluded that "Washington Speakers Bureau" was a descriptive mark which had acquired secondary meaning and that Leading Authorities' four domain names were colorable imitations of that mark, the use of which was likely to confuse consumers as to the source or sponsorship of its website. The court noted that both companies utilized the Internet to advertise and to provide similar services and that Leading Authorities intended to "approximat[e] the name of a competitor and attract[ ] Internet business that might otherwise go to the competitor." Washington Speakers Bureau, Inc. v. Leading Authorities, Inc. , 33 F. Supp. 2d 488, 500 (E.D. Va. 1999). Accordingly, the district court required Leading Authorities to relinquish its rights to the four domain names at issue. It also concluded that because of the brief period in which the domain names were used, no damages were caused and "none shall be awarded." Id. at 505. Leading Authorities filed this appeal, and Washington Speakers Bureau filed a conditional cross-appeal from the district court's ruling against it on its trademark-dilution claim. Washington Speakers Bureau also challenges the district court's refusal to award it attorneys fees under 15 U.S.C. § 1117(a) (authorizing award to prevailing parties of reasonable attorneys fees in "exceptional cases").

On appeal, Leading Authorities contends that "Washington Speakers" is generic and not protectable and that, in any event, the district court clearly erred in finding that its use of "Washington Speakers" would likely cause confusion with Washington Speakers Bureau's name and services. We have carefully reviewed the record and conclude that the district court's factual findings are supported by substantial evidence. We have considered the arguments of counsel made in their briefs and at oral argument and, for the reasons articulated in the district court's well-reasoned opinion, see 33 F. Supp. 2d 488, we affirm.* We also conclude that the district court did not abuse its discretion in denying Washington Speakers Bureau attorneys fees.

AFFIRMED
_____

*Washington Speakers Bureau admits that this ruling moots its cross-appeal of the district court's denial of its trademark-dilution claim.

3